IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID BURKHART,

    Plaintiffs,

v.                                        Civil Action No. 5:11CV165
                                                                    (STAMP)
TECNOCAP, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO DISMISS AND
DENYING MOTION FOR MORE DEFINITE STATEMENT**

I.   Procedural History

The plaintiff, David Burkhart, filed this civil action in the Circuit Court of Marshall County and the defendant timely removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, claiming federal jurisdiction under 28 U.S.C. § 1332. The plaintiff's complaint alleges one count of deliberate intent pursuant to West Virginia Code § 23-4-2(d)(2)(ii) against Tecnocap, LLC, his former employer, as a result of alleged injuries that the plaintiff claims to have suffered as a result of a workplace incident that occurred on June 22, 2009. The plaintiff claims that the incident was a result of unsafe work conditions of which the defendant allegedly had actual knowledge.

Following removal of this action, the defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion for a more definite statement pursuant to Federal Rule of Civil Procedure

12(e). The plaintiff filed a timely response to this motion. No reply was received.

The defendant's motion to dismiss, or in the alternative, motion for a more definite statement has been fully briefed and is ripe for disposition by this Court. For the reasons that follow, this Court finds that the plaintiff has provided sufficient allegations within his complaint to satisfy the applicable pleading standards, and thus, the defendant's motion to dismiss must be denied. Further, and pursuant to these findings, the plaintiff's complaint is likewise sufficiently specific to allow the defendant to reasonably respond, and the defendant's alternative motion for a more definite statement also must be dismissed.

## II. Facts

At all times relevant to this action, the plaintiff was an employee of Tecnocap, LLC at the defendant's Glen Dale, West Virginia location. The plaintiff's work duties included the use of a die and/or hand feed press machine. On June 22, 2009, the plaintiff was allegedly injured in a workplace incident that occurred while he was operating the die and/or hand feed press machine. The plaintiff claims that the die and/or hand feed press machine was unsafe and subjected him to serious risk of death or great bodily harm because it lacked numerous safety features as a result of the defendant's and/or defendant's agent's modifications of the machine. The plaintiff further alleges that his injuries were a direct and proximate result of these unsafe modifications

and that the defendant was actually aware of them and the allegedly dangerous conditions that they created. The plaintiff claims to have suffered numerous physical and psychological injuries as a result of this workplace incident, including the loss of part of his middle and index fingers on his dominant right hand.

### III. Applicable Law

A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim

showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

B.  Motion for a More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure, a motion for a more definite statement, also must be filed before the defendant files a responsive pleading. Through such a motion, a party may request that the Court direct the plaintiff to re-file his complaint, more clearly pleading and defining his claims. Pursuant to Federal Rule of Civil Procedure 12(e), such a motion should only be granted when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion has a higher standard than that of a Rule 12(b)(6) motion in that a pleading which satisfies the liberal pleading standards above described may be nonetheless appropriately challenged as overly vague with a Rule 12(e) motion. See 5B Wright & Miller Federal Practice and Procedure § 1356. However, the standard set forth by the wording of Rule 12(e) was not intended to require the plaintiff to state with any high level of specificity the facts upon which his claims rely. Hodgson v. Virginia Baptist Hosp., 482 F.2d 821, 823 (4th Cir. 1973). In fact, the drafters of the rules only intended to ensure that sufficient facts would be pled which

4

allowed the defendant to reasonably form a response. Id. Thus, the rules specifically restrict the motion for a more definite statement to pleadings which are so highly vague and ambiguous that the opposing party simply cannot be expected to form a meaningful response.

IV. Discussion

A. Motion to Dismiss

The West Virginia worker's compensation laws generally provide immunity for employers from tort lawsuits brought by employees as a result of injuries sustained in workplace accidents. However, this statutory immunity does not extend to actions by employers which are the result of a "consciously, subjectively and deliberately formed intention." W. Va. Code § 23-4-2(d)(2)(i). If an employee can show that their employer acted with such an intention, as it is defined in West Virginia Code § 23-4-2(d)(2)(i), the employer may be subject to tort liability. In lieu of directly establishing such intent, an employee may overcome this statutory immunity if he can establish the five factors for a deliberate intent claim delineated under West Virginia Code § 23-4-2(d)(2)(ii). Those factors are:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

5

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer [. . .];

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death [. . .] as a direct and proximate result of the specific unsafe working condition.

The defendant points directly to the causation element of the deliberate intent statute as the point of failure of the plaintiff's complaint. It claims that the plaintiff has not alleged sufficient facts regarding the alleged "workplace incident" of June 22, 2009 in order to "raise the right to relief above a speculative level" with regard to that element of the claim. Twombly, 550 U.S. at 555. Without more information regarding how the accident occurred, the defendant says, no facts have been alleged which show how the defects to which the plaintiff points were the direct and proximate cause of the plaintiff's injuries.

In response to this argument, the plaintiff argues that, in specifically alleging the unsafe working conditions and the plaintiff's specific injuries, as well as alleging that the unsafe conditions of the machine caused the injuries, he has alleged sufficient facts to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). He cites to the recent Southern District of West Virginia decision in Mills v. Aetna Bldg.

Maintenance, Inc., 2009 U.S. Dist. LEXIS 84998, No. 2:09-cv-0910 (S.D. W. Va. 2009), as an informative case on the issue of necessary pleadings for a deliberate intent claim in satisfying the plausibility requirement.

In the Mills case, the Southern District of West Virginia found that a deliberate intent complaint which alleged "the events leading to the injuries, and defendants' acts or failures to act that cause the injuries" was sufficient under the pleading standards. Id. at *5-6. Here too, the plaintiff has alleged his specific injuries, the specific date of his alleged accident, as well as the specific machine and the specific unsafe conditions allegedly caused by the defendant which he claims led to his injury. He also claims that the specific allegedly unsafe conditions were in direct violation of numerous laws, regulations and standards. Further, the plaintiff alleges that the defendant was aware of these specific unsafe conditions and the nature and severity of the danger caused by them.

As for the causation element of the deliberate intent claim, this Court agrees with the plaintiff that stating the alleged specific injuries as well as the specific unsafe condition that he claims to have caused his injuries is sufficient at the stage of pleading. Even under the heightened requirements introduced in Twombly and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), a plaintiff is only required to plead "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

It is true that legal conclusions must be supported by factual allegations to push claims "across the line from conceivable to plausible" in order for a complaint to be sufficient, but such factual allegations need not prove that the claim will survive summary judgment. Id. This Court finds that the facts alleged in the complaint have done just that. It is plausible that the injuries alleged by the plaintiff, namely his loss of parts of multiple digits, were directly and proximately caused by the specifically alleged unsafe conditions of the die and/or feed press machine, namely the lack of the lack of a safety fence, safety guards, and a safety kill switch, among other defects alleged in the plaintiff's complaint. It is not necessary for the plaintiff to allege the exact way in which the alleged accident occurred in order to reach the level of plausibility. See Iqbal, 129 S. Ct. at 1949. Accordingly, this Court finds that the plaintiff has satisfied the Twombly and Iqbal plausibility requirement for his deliberate intent claim under the standards of Federal Rule of Civil Procedure 8(a).

B. Motion for a More Definite Statement

Similarly, this Court does not find that the plaintiff's complaint is so overly broad that the defendant is unable to reasonably form a response to it. As explained above, this Court is of the opinion that the complaint is sufficient to place the

defendant on notice of the claims raised against it, and the underlying facts behind these claims. The exact date of the alleged injury is given, as well as the employee who was injured and with what machine the employee was allegedly injured. The defendant's own files should provide sufficient information by which to investigate the allegations for the purposes of a response, and where they do not, Federal Rule of Civil Procedure 8(b) "would permit it to plead that it lacked sufficient information to form a belief as to the truth of the allegations and would give this plea the effect of a denial." Baptist Hosp., 482 F. 2d at 824. Therefore, the defendant's alternative motion for a more definite statement is likewise denied.

## V. Conclusion

For the reasons stated above, the defendant's motion to dismiss is DENIED. Further, the defendant's alternative motion for a more definite statement is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     January 6, 2012

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE